E-FILED
Thursday, 19 March, 2026  10:00:00 AM
Clerk, U.S. District Court, ILCD

IN THE
**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ALEXANDER BRADY,
    Plaintiff,

v.

Case No. 1:26-cv-01052-JEH

JEFFERY LOWER, *et al.*,
    Defendants.

### Merit Review Order

Plaintiff, proceeding *pro se* and currently in the custody of the Tazewell County Jail ("Jail"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II

Plaintiff files suit against Sheriff Jeffery Lower, Jail Superintendent Mike Harper, Deputy Jail Superintendent Dave Harper, Jail Operations Supervisor Mike Kirk, and the Tazewell County Sheriff's Office.

On April 19, 2025, Plaintiff was arrested and taken to the Jail where he was searched, photographed, and fingerprinted. Plaintiff was placed in a cell in the medical area. Plaintiff alleges he was given one blanket and forced to sleep on a concrete surface from April 19-22, 2025. Plaintiff was not allowed to have soap or other hygiene items. Due to the lack of proper bedding, Plaintiff alleges he suffered back, hip, arm, and joint pain and bruising. Plaintiff alleges the lack of hygiene items caused a negative effect on his mental health. When Plaintiff complained to health care staff, he was told there was nothing they could do due to facility policy.

On October 7, 2025, Plaintiff submitted a grievance about the lack of proper bedding and personal hygiene items. Defendant Kirk responded to the grievance and stated that Plaintiff was held in temporary detention pending a court appearance on April 22, 2025, and following the detention hearing, Plaintiff was officially admitted to the Jail and provided with clothing, bedding, and hygiene items in accordance with Illinois County Jail Standards. (Doc. 1 at p. 11). Plaintiff claims he should have received proper bedding and hygiene items as soon as he was booked or processed into the facility.

## III

As a pretrial detainee, Plaintiff's "conditions-of-confinement claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious . . . ; (2) the defendant acted purposefully, knowingly, or recklessly with respect to

2

the consequences of his actions; and (3) the defendant's actions were objectively unreasonable–that is 'not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose.'" *Hardeman*, 933 F.3d at 827 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "Objective reasonableness 'turns on the facts and circumstances of each particular case.'" *Kemp*, 27 F.4th at 495 (quoting *Kingsley*, 586 U.S. at 397). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Plaintiff does not identify who he complained to about the lack of proper bedding and hygiene items, nor does he allege that Defendants were aware of these conditions between April 19-22, 2025. Plaintiff alleges he filed a grievance (Jail Form #1879), but this is insufficient to establish liability against Defendants. (Doc. 1 at p. 7). *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if [plaintiff] wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under § 1983, merely by sending the official various grievances). Additionally, his grievance was submitted on October 7, 2025, months after he was allegedly denied bedding and hygiene items. *Id.* at p. 11.

An individual is liable under § 1983 only if he or she personally participated in or caused the alleged deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Defendants Lower, Mike Harper, Dave Harper, and Kirk are not liable based solely on their supervisory positions. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). If officials are named, they must be named in their individual capacities, and Plaintiff must allege that the

official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff's Complaint also fails to state a claim against the Tazewell County Sheriff's Office pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978). "To establish municipal liability, a plaintiff must show the existence of an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012) (internal quotation omitted). A plaintiff can establish an official policy through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 506, 515 (7th Cir. 2007) (citing *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)).

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

## IV

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing

*Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff states he sent letters to three law firms on January 14, 2026, but as of January 28, 2026, he had not received any responses. (Doc. 4 at p. 3). Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is DENIED with leave to renew. If Plaintiff renews his motion, he is directed to attach additional copies of letters he sent to or received from prospective counsel, list additional attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion to Request Counsel [4] is DENIED.**

5

3)  **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

*It is so ordered.*

Entered: March 19, 2026

s/Jonathan E. Hawley
U.S. District Judge