E-FILED
Monday, 14 September, 2026 03:02:30 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ALEXANDER BRADY,
Plaintiff,

v.

JEFFREY LOWER, *et al.*,
Defendants.

Case No. 1:26-cv-01052-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Jacksonville Correctional Center, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at the Tazewell County Justice Center ("Jail"). (Doc. 18). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Tazewell County Sheriff Jeffrey Lower, Jail Superintendent Mike Harper, Deputy Jail Superintendent Dave Harper, the Tazewell County Sheriff's Office, Nurse Jane Doe, and Correctional Officers John/Jane Does. Plaintiff did not name Mike Kirk as a Defendant in his Amended Complaint. Therefore, Defendant Kirk is dismissed without prejudice.

On April 19, 2025, Plaintiff was arrested and placed in a holding cell at the Jail. Plaintiff alleges he did not receive hygiene items or a mattress between April 19-22, 2025. Plaintiff states he was only given a blanket and slept on the bare concrete, which caused pain due to prior injuries, bruising, and mental distress. Plaintiff alleges he asked Defendants Correctional Officers John/Jane Does and Nurse Jane Doe for bedding and unspecified hygiene items, but they denied his requests.

Plaintiff alleges "[t]his claim is directly made in relation to the official policy of the Tazewell County Sheriff's Office as set by Defendants LOWER, M. HARPER, AND D. HARPER that upon admission to the JAIL all detainees are denied the basic human right of access to bedding, and hygiene items." (Doc. 18 at p. 2).

**III**

During the relevant period, Plaintiff was a pretrial detainee at the Jail. As such, Plaintiff's "conditions-of-confinement claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious . . . ; (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable–that is

'not rationally related to a legitimate governmental objective or . . . excessive in relation to that purpose.'" *Hardeman*, 933 F.3d at 827 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "Objective reasonableness 'turns on the facts and circumstances of each particular case.'" *Kemp*, 27 F.4th at 495 (quoting *Kingsley*, 586 U.S. at 397). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Court finds that Plaintiff's allegations are sufficient to proceed on a Fourteenth Amendment conditions of confinement claim against Defendants Correctional Officers John/Jane Does and Nurse Jane Doe regarding the denial of a mattress between April 19-22, 2025. Plaintiff does not specify what hygiene items he was allegedly denied. Plaintiff's allegations are too sparse to state a conditions of confinement claim based on a lack of hygiene items.

Plaintiff alleges Defendants Sheriff Lower, Jail Superintendent Mike Harper, and Deputy Jail Superintendent Dave Harper were responsible for setting the Tazewell County Sheriff's Office's official policy to deny all detainees hygiene items and bedding. "To establish municipal liability, a plaintiff must show the existence of an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012) (internal quotation omitted). A plaintiff can establish an official policy through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 506, 515 (7th Cir. 2007) (citing *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)). Plaintiff's sparse allegations fail to state a claim against the Tazewell County

Sheriff's Office pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978). Defendant Tazewell County Sheriff's Office is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff did not include any additional allegations regarding Sheriff Lower, Mike Harper, and Dave Harper in his Amended Complaint. An individual is liable under § 1983 only if he or she personally participated in or caused the alleged deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Defendants are not liable based solely on their supervisory positions. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). If officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Sheriff Lower (in his individual capacity), Mike Harper, and Dave Harper are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff is advised that Defendants Correctional Officers John/Jane Does and Nurse Jane Doe cannot be served. As such, Sheriff Lower will remain a Defendant, in his official capacity only, to facilitate the identification of the Doe Defendants. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Sheriff Lower aimed solely at identifying Correctional Officers John/Jane Doe and Nurse Jane Doe. After the Doe Defendants have been identified, Sheriff Lower may move

to be dismissed. Ultimately, it is Plaintiff's responsibility to identify the Doe Defendants and file a motion to substitute their real names. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on a Fourteenth Amendment conditions of confinement claim against Defendants Correctional Officers John/Jane Does and Nurse Jane Doe regarding the denial of a mattress between April 19-22, 2025. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is DIRECTED to add John/Jane Does (Correctional Officers) and Jane Doe (Nurse) as Defendants.

3) Plaintiff will be given an opportunity to propound written discovery requests aimed solely at identifying the Doe Defendants. Under the circumstances, the Court finds that the current Tazewell County Sheriff, Jeffrey Lower, is best suited to respond to this discovery. Sheriff Lower will remain a Defendant in this action, in his official capacity only, for the sole purpose of identifying the Doe Defendants. After that is done, Sheriff Lower may move to be dismissed. Ultimately, it is Plaintiff's responsibility to provide the Court with the names and service addresses for the Doe Defendants. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

4) The Clerk is DIRECTED to correct Defendant Sheriff Lower's first name on the docket from "Jeffery" to "Jeffrey."

5) Defendants Jeffrey Lower (in his individual capacity), Mike Harper, Dave Harper, Mike Kirk, and the Tazewell County Sheriff's Office are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6) and

28 U.S.C. § 1915A. The Clerk is DIRECTED to terminate Mike Harper, Dave Harper, Mike Kirk, and the Tazewell County Sheriff's Office.

6) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

9) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk

Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

12) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) Plaintiff shall be provided a copy of all pertinent medical records upon request.

14) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization

to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

15) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: September 14, 2026

s/Jonathan E. Hawley
U.S. District Judge